[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Defendant-appellant, Eugene Patton, appeals the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. 2950.09. For the reasons that follow, we affirm the trial court's judgment.
Patton was convicted of rape after entering a guilty plea in May 1999. On the date of sentencing, the trial court conducted a hearing to determine whether Patton was a sexual predator within the meaning of R.C. 2950.09. Following the hearing, the trial court adjudicated Patton a sexual predator.
In his first assignment of error, Patton contends that the sexual-predator statute is unconstitutionally vague. We addressed this argument in State v. Lance[1] and found it to be without merit. The first assignment of error is therefore overruled.
In his second and final assignment of error, Patton argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. We disagree.
As we stated in Lance, proceedings under R.C. 2950.09
are civil in nature and require the prosecution to prove by clear and convincing evidence that the offender is a sexual predator. The trial court is to consider all relevant factors, including those specifically enumerated in R.C. 2950.09(B) (2). It is well established that the weight of the evidence is a matter for the trial court to decide, and when the trial court's determination is supported by competent evidence, this court will not disturb its decision.[2]
In the case at bar, we cannot say that the trial court's finding was contrary to the evidence. The facts as presented to the trial court were that Patton had raped a fourteen-year-old girl at knifepoint. Patton was the child's caretaker at the time of the offense. In addition, Patton had had multiple contacts with the criminal justice system, although not of a sexual nature. Finally, Patton himself acknowledged that he had a problem with sexual misconduct. Based upon these circumstances, we hold that the trial court had sufficient information before it to conclude that Patton is a sexual predator. The second assignment of error is accordingly overruled.
However, we do note that the trial court ordered the Sheriff of Hamilton County to process Patton and obtain the information contemplated by R.C. 2950.03(C). As we stated inLance, where, as in the instant case, a defendant is ordered to be remanded to the custody of a penal institution, it is not the responsibility of the sheriff to gather the statutory information.[3] As the court was without authority to order the sheriff to collect any information, its order to that effect is hereby vacated.
Therefore, the judgment of the trial court is affirmed, and the processing entry is vacated.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
[3] Lance, supra.